STATE OF MAINE                                      SUPERIOR COURT
                                                    CIVIL ACTION
KENNEBEC, ss.                                       DOCKET NO. AP-00-02
                                                    SKS - KEN - 11/20/2000


NORRIS PERRY,

        Appellant

        v.                                          **DECISION ON APPEAL**

SECRETARY OF STATE,

        Appellee


This matter came on for hearing before the court on an appeal by Norris Perry

of final agency action by the Secretary of State pursuant to M.R. Civ. P. 80C. Perry

appeals from the decision of the Hearing Examiner at the Bureau of Motor Vehicles

denying his petition for review of the Secretary of State's suspension of his driving

privileges pursuant to 29-A M.R.S.A. § 2458(2)(D). Appellant Perry filed a one-page

letter dated February 7, 2000, which the court will consider as his brief, and appeared

before the court at oral argument representing himself. The Secretary of State was

represented by the Office of the Attorney General.

### Facts

Appellant/Petitioner Norris Perry has twice had his license revoked due to

convictions for operating under the influence in 1977 and 1979. Although there

have been no further convictions for operating a motor vehicle while under the

influence of alcohol, Perry continues to imbibe in alcohol to one degree or another.

On the evening of November 20, 1988, Perry was admitted to the emergency room of

1

MaineGeneral Medical Center for treatment of injuries he sustained in a fight earlier that evening. Perry informed emergency room personnel that he had been drinking substantial quantities of vodka. Approximately 10 days later, when discussing this incident with Nurse Practitioner Persis Hope, Perry admitted that he had regularly been drinking vodka, beer, and coffee brandy. Nurse Hope, who had been treating Perry since 1995, submitted a report to the Secretary of State which classified Perry's substance abuse at level 3C under the Functional Ability Profile Guidelines. According to these guidelines, level 3C is described as "chronic substance abuse resulting in current impairment of motor and/or intellectual functions." Pursuant to his authority under 29-A M.R.S.A. § 2458(2)(D), the Secretary of State suspended Perry's driver's license for an indefinite period because of an "adverse medical condition." Perry petitioned for relief from this suspension and presented his own testimony and that of two other witnesses concerning his drinking habits. Copies of Perry's medical records from MaineGeneral Medical Center dating back to 1995 were also admitted into evidence. After reviewing the evidence, the Hearing Examiner denied Perry's petition, and from that denial Perry appeals.

## Discussion

When a decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, this court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Services*, 664 A.2d 369, 370 (Me. 1995). In reviewing the decisions of an

2

administrative agency, the court does "not attempt to second-guess the agency on matters falling within its realm of expertise." *Imagineering v. Superintendent of Ins.*, 593 A.2d 1050, 1053 (Me. 1991). The focus of the appeal is not whether the court would have reached the same conclusion as the agency, but whether the record contains competent and substantial evidence which supports the result reached by the agency. *CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261.

The statutory authority for suspension of a driver's license by the Secretary of State in this case is set forth in section 2458(2)(D) which authorizes the suspension if the licensed driver "is incompetent to drive a motor vehicle." Although this is a decision of the Secretary of State or his designee, the Secretary does have available the assistance of his Medical Advisory Board which may, at the Secretary's request, interview drivers whose competency is in question. 29-A M.R.S.A. § 1258(4). It is clear from these statutes that the Secretary made no error of law and was acting within his legal authority is imposing the suspension upon receiving Nurse Hope's report. Nor does it appear that there was any abuse of discretion.

The remaining issue is whether there were findings not supported by the evidence. Again, the issue is not whether the court would have the same decision based upon the evidence, but rather whether there was any evidence of record to support the agency's finding. Despite the testimony by Perry and his witnesses, there is ample evidence in the record in the form of the report of Nurse Hope and Perry's medical records to support the Hearing Examiner's decision. Perry's brief does not

3

point the court to any particular lack of evidence, rather it complains about Perry's treatment by his Nurse Practitioner and subsequently by his lawyer. The court finds no grounds upon which to disturb the decision of the Hearing Examiner.

Denial of this appeal does not leave Mr. Perry without hope of regaining his license. It appears from various references within the record that the Secretary of State does have a process for reinstating driving privileges. Mr. Perry may wish to inquire with the Bureau of Motor Vehicles concerning such reinstatement.

The entry will be:

Appeal DENIED.

Dated: November _20_, 2000

_____
S. Kirk Studstrup
Justice, Superior Court

4

7

Date Filed __1/10/00__ _____Kennebec_____ Docket No. __AP00-02__
County

Action ____Petition for Review____
80C

J. STUDSTRUP

Norris A. Perry                    vs. Sec. of State, Bureau of Motor Vehicle

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Norris A. Perry, Pro Se<br>26 Fairview Avenue<br>Randolph, Maine  04346 | Joseph Wannemacher AAG<br>6 State House Sta<br>Augusta  Me  04333 |

DONALD L. GARBRECHT
LAW LIBRARY

DEC 4 2000

| Date of Entry | |
|---|---|
| 1/10/00 | Petition for Review with attached exhibits, filed. s/Perry, Pro Se<br>Indigency Affidavit, filed. s/Norris, Pro Se |
| --------- | Application to Proceed Without Payment of Fees form mailed to Norris Perry. |
| 1/18/00 | Notice of appearance filed.  s/Wannemacher AAG |
| 1/18/00 | Application to proceed without payment of fees filed.  s/Perry,Pro Se |
| 1/19/00 | ORDER ON APPLICATION TO PROCEED WITHOUT FEES, Studstrup, J.<br>Filing Fee is waived.<br>Copies mailed to Pltf. and atty. |
| 1/27/00 | Certified copy of the record filed.  s/Wannemacher AAG |
| 2/1/00 | Notice of briefing schedule mailed to Pltf. and atty of record. |
| 2/9/00 | Appellants Brief, filed. s/Perry, Pro Se |
| 8/1/00 | State's Memorandum of Law, filed. s/Wannemacher, AAG. |
| 11/2/00 | Hearing had with Hon. Justice Kirk Studstrup, presiding.<br>Norris A. Perry, Pro Se and Joseph Wannemacher, AAG for the State.<br>Oral arguments made to the court.<br>Court to take matter under advisement.<br>Court to issue Order. |
| 11/22/00 | DECISION ON APPEAL, Studstrup, J.<br>Appeal Denied.<br>Copies mailed to Pro Se Plaintiff and AAG<br>Copies mailed to Garbrecht Law Library, Donald Goss and Deborah Firestone. |